UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL CARMOUCHE                                   CIVIL ACTION

VERSUS                                              NO. 13-255

CHRISTOPHER DENTMAN, ET AL.                         SECTION "B"(5)

ORDER AND REASONS

Nature of Motion and Relief Sought:

Before the Court are Defendants TSI Adjusters, Inc. and Old Dominion Insurance Company's Motion for Summary Judgment and Plaintiff Michael Carmouche's ("Carmouche" or "Plaintiff") memorandum in opposition. (Rec. Docs. 30 & 35).

**IT IS ORDERED** that the Motion is **DENIED**. (Rec. Doc. 30).

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to File Reply Memorandum (Rec. Doc. 44) is **DISMISSED as moot and unnecessary.**

Factual and Procedural History:

Plaintiff received a call on September 18, 2012 indicating that an unmarked vehicle was parked at his address and an extended ladder was leaning against the roof of his home. Suspicious of crimes involving false repair schemes in the wake of Hurricane Isaac, he returned home to investigate. After searching for the owner of the car and ladder to no avail, Plaintiff decided to

climb the ladder. As he reached the apex, the ladder collapsed and he fell to the ground, shattering his ankle and receiving other injuries.

Plaintiff then brought suit under a theory of negligence against Christopher Dentman ("Dentman"), TSI Adjusters, Inc. ("TSI"), and Old Dominion Insurance Company ("ODIC"). (Rec. Doc. 1 at 1-9). He alleged, *inter alia*, that Dentman negligently used and failed to warn of the ladder, that Dentman worked as field adjuster for TSI at the time of the accident, and that ODIC insured both Dentman and TSI for the liability in question. *Id.* at 1-5.

TSI and ODIC now jointly move for summary judgment on the grounds that Dentman is an independent contractor and not an employee of TSI and that his negligence may therefore not be imputed to TSI. (Rec. Doc. 30).

Law and Analysis:

**A. Summary Judgment Standard**

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the

nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas*, 139 F.3d 532, 536 (5th Cir. 1998). Because "only those disputes over facts that might affect the outcome of the lawsuit under governing substantive law will preclude summary judgment," questions that are unnecessary to the resolution of a particular issue "will not be counted." *Phillips Oil Co. v. OKC Corp.*, 812 F.2d 265, 272 (5th Cir. 1987).

**B. Applicable Law and Analysis**

It is well settled under Louisiana law that employers are liable for torts committed by their employees in the course of employment but not for the torts committed by independent contractors. *See, e.g., Loftus v. Kuyper*, 87 So. 3d 963, 967 (La. Ct. App. 2012) (Employers are vicariously liable for employee's torts in course of employment under La. C.C. art. 2320.)

Here, the Defendants do not dispute that Dentman was working for TSI as a field adjuster when the allegedly negligent acts and resultant harm occurred; they contend only that Dentman was an independent contractor and that liability for such acts may therefore not be imputed to TSI. (Rec. Doc. 30-2 at 3-13).

Determining whether a principal-agent relationship involves

employees or individual contractors is a fact-intensive question that should be decided on a case-by-case basis. *Ryes v. BCS Ins. Co.*, 379 F. App'x 412, 414 (5th Cir. 2010)("The independent contractor employment status is determined on a case by case basis in light of the entire record.")(citations ommited); *Hickman v. S. Pac. Transp. Co.*, 262 So. 2d 385, 390 (La. 1972) (such legal relationships must be determined from the contract and "intentions in establishing and carrying out that relationship as manifested in its performance and the surrounding circumstances.") *Elmore v. Kelly,* 909 So. 2d 36, 38 (La. Ct. App. 2005) ("The distinction between employee and independent contractor status is a factual determination that must be decided on a case-by-case basis, taking into consideration the total economic relationship between the parties and the various factors weighing either in favor of or against an employer-employee relationship.") Accordingly, the issue is not well-suited to resolution at the summary judgment stage. *See Newcomb v. N. E. Ins. Co.*, 721 F.2d 1016, 1018 (5th Cir. 1983)(considering employee/contractor status and stating that "Louisiana jurisprudence favors jury resolution of [such] questions for which no single answer is compelled.").

"The right of the employer to control the employee in his performance of assigned tasks evidences a master-servant relationship; the more extensive this control, the more likely it is such a relationship will be held to exist." *Newcomb,* 721 F.2d at

1017 (5th Cir. 1983)(citing *Hickman v. Southern Pacific Transp. Co.*, So.2d 385, 391 (La. 1972). An independent contractor, on the other hand, "works according to his own methods without direct supervision or control by the employer except as to the overall result." *Id.* (citing *Hickman*, 262 So.2d at 390). "Additionally, an independent contractor is usually less dependent economically on a particular employer than is an employee." *Id.* (citing *Hickman*, 262 So.2d at 391). "No single factor is determinative as to the existence of a master-servant or employer-independent contractor relationship." *Id.* (citations ommitted).

Here, Plaintiff has produced sufficient evidence to raise genuine issues of material fact concerning the relationship between Dentman and TSI. He, for instance, provides Dentman's affidavit, in which Dentman states that he worked exclusively for TSI, that he handled a high volume of assignments for TSI, and that TSI controlled the number, manner, timing, and, to a significant extent, the substance of the inspections he made on behalf of TSI. (Rec. Doc. 35-3). Plaintiff also points to the Deposition of Joanna Farris, owner and Vice President of Claims at TSI, in which Ms. Farris discusses how the company's written and unwritten "procedures" and guidelines impose limits on how and what its claims adjusters like Dentman must perform. (Rec. Doc. 35-5 at 38-46). These and other items of evidence identified by Plaintiff suffice to raise genuine issues concerning the fact-intensive

matter of Dentman's status as a TSI employee. Accordingly,

**IT IS ORDERED** that the Defendants' Motion for Summary Judgment is **DENIED**. (Rec. Doc. 30).

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to File Reply Memorandum (Rec. Doc. 44) is **DISMISSED as moot** and unnecessary.

New Orleans, Louisiana, this 13th day of March, 2014.

_____
UNITED STATES DISTRICT JUDGE